**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4199

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAHSIM RAY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:19-cr-00477-SAG-1)

Submitted:  October 13, 2023                    Decided: October 19, 2023

Before AGEE, THACKER, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Patricia McLane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kahsim Ray pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a).  On appeal, Ray argues that the district court reversibly erred in announcing special conditions of supervised release that differ from those listed in the written judgment.  We affirm.

We review de novo whether the sentence imposed in the written judgment matches the district court's oral pronouncement of the sentence.  *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020).  In *Rogers*, we vacated the defendant's sentence and remanded to the district court based on the court's failure to orally announce the standard, but discretionary, conditions of supervision in the written judgment.  *Id.* at 296-301.  We explained that "the requirement that a district court expressly adopt a written list of proposed conditions is not a meaningless formality: It is a critical part of the defendant's right to be present at sentencing."  *Id.* at 300 (internal quotation marks omitted).

Here, the written descriptions of the special conditions in the judgment match the recommended conditions contained in the presentence report (PSR).  However, the district court only orally summarized these conditions at the sentencing hearing.  We agree with the Government that the added language did not impose new conditions on Ray but "may be construed fairly as a clarification of an otherwise vague oral pronouncement."  *Rogers*, 961 F.3d at 299 (internal quotation marks omitted).  The district court referred to the PSR when it asked counsel if he had reviewed the mandatory and standard conditions of supervised release with Ray, and then it summarized the additional conditions it was imposing.  The inclusion of the added language in the written judgment clarifies any

2

ambiguity between the court's oral pronouncement and the conditions recommended in the PSR.  Thus, there was no *Rogers* error.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*